IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LINDSAY COOLEY,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>DEPARTMENT OF PUBLIC SAFETY, FAIRBANKS CORRECTIONAL CENTER, and JUDICIAL SERVICES,<br><br>　　　　　Defendants. | Case No. 4:25-cv-00029-SLG |
| LINDSAY COOLEY,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>MARYANN SANDERS, FAIRBANKS CORRECTIONAL CENTER MEDICAL, and MEDICAL ACTION COMMITTEE,<br><br>　　　　　Defendants. | Case No. 4:25-cv-00034-SLG |

## SCREENING ORDER

Pending before the Court are the two above captioned cases filed by self-represented prisoner Lindsay Cooley ("Plaintiff"). Plaintiff filed an application to proceed without prepaying the Court's filing fee in each case.[1] On September 25,

---

[1] Docket 2.

2025, Plaintiff sent a letter to the Court that was filed in each case.[2] Upon review, the two cases contain overlapping factual allegations and have similar deficiencies. Therefore, the Court now screens the cases collectively pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

For the reasons discussed in this order, each of Plaintiff's Complaints fails to adequately state a claim for which relief may be granted. Therefore, Plaintiff's Complaint in each case is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint in each case that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntarily dismissal in which he elects to close one or both of these cases.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3] In this screening, a district court must dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[4]

---

[2] Docket 4.

[3] 28 U.S.C. §§ 1915, 1915A.

[4] 28 U.S.C. § 1915(e)(2)(B).

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 2 of 20
Case 4:25-cv-00034-SLG    Document 5    Filed 01/26/26    Page 2 of 20

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[5] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[6] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[7] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[8]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[9] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[10]

---

[5] *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[6] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[7] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[8] *Sprewell*, 266 F.3d 979 at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[9] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[10] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 3 of 20
Case 4:25-cv-00034-SLG     Document 5     Filed 01/26/26     Page 3 of 20

## DISCUSSION

### I. Summary of Plaintiff's Claims

In Case No. 4:25-cv-00029-SLG ("Case 29"), Plaintiff alleges that on or about May 15, 2025, an unknown judicial services officer ("John Doe 1") attempted to place leg shackles on Plaintiff in order to transport him to a court hearing. Plaintiff asserts that he has an ankle condition that causes it to be "out of place" that requires him to walk with a cane. Plaintiff alleges that after he protested the use of leg shackles and another officer confirmed that he only needed "belly chains" for transport, Plaintiff was transported without incident on that day. However, five days later, on or about May 20, 2025, Plaintiff claims that John Doe 1 was again responsible for transporting him to court and, although leg shackles were not used, John Doe 1 chained Plaintiff's left arm to approximately five other inmates. Plaintiff alleges that he fell and was injured as soon as the line started moving, apparently because the group was moved at a greater speed than Plaintiff could walk. Plaintiff alleges that he was promptly taken to the medical unit in a wheelchair following the fall. He also claims he was subsequently deemed to be a threat to the security of the institution and placed in an extremely hot segregation cell for several days following the incident.[11] He was eventually found not guilty and moved out of segregation. He also alleges that he suffered back pain as a result of his fall that

---

1986).

[11] Case 29, Docket 1-1 at 5.

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 4 of 20

Case 4:25-cv-00034-SLG    Document 5    Filed 01/26/26    Page 4 of 20

has not been adequately addressed by DOC medical staff. For relief, Plaintiff seeks $2.2 million in damages and an order prohibiting officers from shackling prisoners with disabilities.

In Case No. 4:25-cv-00034-SLG ("Case 34"), Plaintiff names Registered Nurse Maryann Sanders, the Fairbanks Correctional Center Medical, and the Medical Action Committee as Defendants. Plaintiff alleges claims of inadequate medical care while at the Fairbanks Correctional Center ("FCC"). But the Complaint is deficient because it does not describe a specific injury that was caused by the conduct of a specific defendant. Instead, the Complaint alleges a variety of medical conditions, including that Plaintiff had suffered a stroke before he was incarcerated, that a doctor at FCC warned him he may suffer another stroke, and that his blood pressure "has been out of control" and his medication requires adjustment. The Complaint also alleges extreme back pain and that a PA at FCC told Plaintiff "you need to see a back specialist but DOC won't pay for it."[12] The Complaint alleges Plaintiff was issued Lidocaine patches but had difficulty putting them on and was then accused of hoarding the patches under his mattress.[13] Further, despite his requests, FCC medical would not issue Plaintiff an extra mattress and his grievance of this issue was unsuccessful. Plaintiff adds that his legs and feet are swollen and he can't wear the compression socks he was

---

[12] Case 34, Docket 1-1 at 2.

[13] Docket 1-1 at 2.

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 5 of 20
Case 4:25-cv-00034-SLG   Document 5   Filed 01/26/26   Page 5 of 20

issued because they have not been modified as needed. Plaintiff states: "I need to see a doctor to follow up on my stroke, and adjust my medication. I need to see a back specialist to figure out what can be done about this pain and if I'm in need of an extra mattress to [alevi]ate the pain, I need these corners removed so I can use the compression socks. I also need to find out why feet and legs are swelling up."[14] For relief, Plaintiff seeks $2 million in damages.[15]

## II. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[16] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[17] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[18] A claim is plausible "when the plaintiff pleads factual

---

[14] Docket 1-1 at 4.

[15] Case 34, Docket 1 at 8.

[16] Fed. R. Civ. P. 8(a)(2).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[18] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (internal citation omitted).

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 6 of 20
Case 4:25-cv-00034-SLG    Document 5    Filed 01/26/26    Page 6 of 20

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

### III. Case 29

In Case 29, Plaintiff alleges that on May 20, 2025, an individual judicial services officer restrained him by chaining his arm to other inmates during transport that resulted in Plaintiff moving at a speed that caused him to fall and suffer injury. Liberally construed, these allegations may implicate a claim for failure to reasonably accommodate a disability under the Americans with Disabilities Act, as well as a claim of excessive force under the Fourteenth Amendment.

#### A. Disability Discrimination

Title II of the ADA[20] prohibits discrimination on the basis of disability in the programs, services, or activities of a public entity. A public entity under the ADA includes a state government as well as a "department, agency, special purpose district, or other instrumentality of a State."[21] Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity."[22]

---

[19] *Ashcroft,* 556 U.S. at 678.

[20] 42 U.S.C.§ 12101, et seq.

[21] *See* 42 U.S.C. § 12131(1) (defining "public entity").

[22] 28 C.F.R. § 35.130(b)(7). *See also Armstrong v. Brown*, 732 F.3d 955, 957 (9th Cir.

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 7 of 20

Case 4:25-cv-00034-SLG   Document 5   Filed 01/26/26   Page 7 of 20

The Ninth Circuit has recognized that Title II of the ADA applies to correctional facilities' services, programs, and activities for both convicted prisoners and pretrial detainees,[23] and that the need for reasonable accommodation applies to prisoner transportation.[24]

The proper defendant in a Title II action seeking damages is the public entity responsible for the alleged discrimination; individuals do not have liability for discrimination under Title II the ADA.[25] The ADA permits suits for injunctive relief against state officials in their official capacities, such as an order regarding the manner of Plaintiff's transport that reasonably accommodates his disability. But "[t]o recover monetary damages under Title II of the ADA . . . a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference.[26] Deliberate indifference has two elements: "[1] knowledge that a harm to a federally protected right is substantially likely, and [2] a failure to act upon that likelihood."[27]

---

2013) (recognizing that accommodations under ADA include "accessible beds").

[23] *Pierce v. County of Orange,* 526 F.3d 1190 (2008).

[24] *Bell v. Williams*, 108 F.4th 809, 826 (9th Cir. 2024) (holding that "transporting detainees to safety cells is a normal government function" covered by the ADA).

[25] *United States v. Georgia*, 546 U.S. 151, 153 (2006).

[26] *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138 (9th Cir. 2001).

[27] *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016).

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 8 of 20

Case 4:25-cv-00034-SLG   Document 5   Filed 01/26/26   Page 8 of 20

Plaintiff's Complaint in Case 29 is deficient and fails to adequately state an ADA claim for damages because it does not (1) clearly state that Plaintiff has a disability; (2) allege that John Doe intentionally discriminated against Plaintiff because of his disability, or at least was deliberately indifferent to that disability. As to Plaintiff's claim for injunctive relief, the Complaint is deficient because it does not clearly articulate the reasonable accommodation that Plaintiff is seeking, but seeks only a broad prohibition on shackling Plaintiff.

### B. Excessive Force

The Fourteenth Amendment applies to excessive force claims brought by pretrial detainees. The Supreme Court has explained, "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."[28] Liberally construed, the Complaint could be construed to raise a claim that John Doe used excessive force against Plaintiff on May 25, 2025.

Unlike an ADA claim, the proper defendant for this claim would be the individual judicial services officer. A claim alleging a constitutional violation by a state official may be brought in federal court under 42 U.S.C. § 1983. But the State of Alaska and state agencies, such as the Department of Public Safety, the Fairbanks Correctional Center, or the Judicial Services, are not considered

---

[28] *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989).

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 9 of 20
Case 4:25-cv-00034-SLG   Document 5   Filed 01/26/26   Page 9 of 20

"persons" under 42. U.S.C. § 1983, and thus are not proper defendants for a Section 1983 claim.[29]

Although federal courts do not generally favor actions against unidentified "Doe" defendants,[30] a plaintiff may sue an unnamed defendant when the identity of the alleged defendant is not known before filing a complaint.[31] However, a Doe defendant cannot be served with process until he or she has been identified in the case by his or her real name.[32] If Plaintiff files an amended complaint that names the judicial services officer as John Doe, he must file a motion to substitute the true name of John Doe when Plaintiff has learned of that person's true name.[33]

The Court may dismiss any unnamed Doe defendants without further notice to Plaintiff if Plaintiff fails to (1) timely file a Notice of Substitution identifying the defendant by name and (2) serve that defendant within 90 days of the Court's

---

[29] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

[30] *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

[31] *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

[32] *See Merritt v. City of Los Angeles*, 875 F.2d 765, 767-68 (9th Cir. 1989).

[33] *Wakefield*, 177 F.3d at 1163 ("[w]here the identity of the alleged defendant is not known prior to the filing of a complaint, the [incarcerated pro se] plaintiff should be given an opportunity through discovery to identify the unknown defendants[.]"). *See also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored. However, situations arise ... where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.") (citations omitted).

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 10 of 20
Case 4:25-cv-00034-SLG   Document 5   Filed 01/26/26   Page 10 of 20

issuance of a screening order approving an amended complaint, unless Plaintiff seeks and is granted an extension of time.[34]

To state a claim of excessive force against the judicial services officer, Plaintiff must plausibly allege facts to support each of the following elements:

First, the defendant purposely or knowingly used force against the plaintiff;

Second, the force used against the plaintiff was objectively unreasonable;

Third, the acts of the defendant caused harm to the plaintiff.[35]

For the foregoing reasons, the Complaint in Case 29 is dismissed. However, Plaintiff is accorded leave to file an amended complaint that revises his ADA claim related to accommodation of his disability during transport and revises his Section 1983 claim of excessive force against the individual officer he alleges caused him injury on May 20, 2025.

IV. **Case 34**

In Case 34, Plaintiff alleges that he has suffered serious medical conditions, including a prior stroke, chronic pain, swelling in his legs and feet, and a need for

---

[34] *See* Fed. R. Civ. P. 4(m), 10(a), 15(c); *see also Perez v. Orange County Sheriff Dept.,* No. 8:22-cv-02229-KK-JDE, 2024 WL 3463135, at *7 (S.D.C.D. Cal. June 14, 2024) (dismissing action against Doe Defendants without prejudice for failure to serve within Rule 4(m)'s 90-day deadline); *Loescher v. Luntey,* No. 2:19-cv-01984-DJC-CSK, 2024 WL 4190091, at *4 (E.D. Cal. Sept. 13, 2024) (holding that when plaintiff was given ample time to discover the identities of Doe Defendants but failed to do so, Doe Defendants properly dismissed without prejudice).

[35] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.29 and cases cited therein.

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 11 of 20
Case 4:25-cv-00034-SLG    Document 5    Filed 01/26/26    Page 11 of 20

medication adjustments, and that DOC health care providers are not meeting his medical needs.

A pretrial detainee may bring a claim under the Fourteenth Amendment asserting that a defendant failed to provide the plaintiff with needed medical care. To state such a claim, a plaintiff must plausibly allege facts to support each of the following elements:

First, the defendant made an intentional decision regarding the denial of needed medical care;

Second, the denial of the needed medical care put the plaintiff at substantial risk of suffering serious harm;

Third, the defendant did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable person under the circumstances would have understood the high degree of risk involved–making the consequences of the defendant's conduct obvious. The defendant's conduct must be objectively unreasonable; and

Fourth, by not taking such measures, the defendant caused the plaintiff's injuries.[36]

Plaintiff's Complaint in Case 34 is deficient because it does not identify an intentional health care decision made by Nurse Sanders, how that decision put

---

[36] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.30 and cases cited therein.

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 12 of 20

Plaintiff at substantial risk of suffering harm, what reasonable available measures Nurse Sanders failed to take to abate or reduce that risk, and how Plaintiff was injured by Nurse Sanders not taking such measures.

For the foregoing reasons, the Complaint in Case 34 must be dismissed. However, Plaintiff is accorded leave to file an amended complaint in Case 34 that attempts to rectify these deficiencies.

## V. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[37] An amended complaint must not expand the scope of the case by alleging new unrelated parties or claims. Unrelated claims involving different defendants must be brought in separate lawsuits. Rule 11 of the Federal Rules of Civil Procedure requires that a complaint must be signed by a self-represented litigant, but there is no requirement to notarize a complaint or to attach an affidavit to a complaint.

An amended complaint must contain separately numbered, clearly identified allegations. If handwritten, it must be legible. The amended complaint should identify, as to each defendant, the specific injury that the plaintiff is alleging was caused by that defendant, when that injury occurred, and where that injury occurred. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being

---

[37] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 13 of 20
Case 4:25-cv-00034-SLG   Document 5   Filed 01/26/26   Page 13 of 20

repeated anywhere in the amended complaint.[38] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff files an amended complaint in either case, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether that complaint may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

## VI. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[39] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[40] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court

---

[38] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

[39] 28 U.S.C. § 1915(g).

[40] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 14 of 20
Case 4:25-cv-00034-SLG   Document 5   Filed 01/26/26   Page 14 of 20

without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[41] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[42] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[43] In addition to being "imminent," the alleged danger must be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[44]

### VII. Plaintiff's Letter to the Court

On September 25, 2025, Plaintiff sent a letter to the Court that was docketed in each case. In the letter, Plaintiff states that he neglected to make copies of his affidavits and asks the Court to send copies of those affidavits to the Alaska Legal Services Corporation.[45]

The Court recognizes that documents filed by self-represented litigants are to be construed liberally, and that federal courts must act with some leniency toward those without legal training.[46] However, the Court cannot provide legal

---

[41] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[42] *Andrews,* 493 F.3d at 1056 (cleaned up).

[43] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[44] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[45] Docket 4, Case 29 and Case 34.

[46] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 15 of 20

advice or act as a party's attorney.[47]

In order to seek relief from the Court, a party must file a motion.[48] Except for alternative requests for relief or as otherwise provided by rule or order of the Court, each motion must only contain one request for relief and must be filed separately.[49] For nondispositive motions—motions that do not resolve the main claims or end the case—a litigant should include a proposed order that sets forth the precise relief the party is seeking in his motion.[50] The proposed order helps to clarify what the moving party is asking the Court to order.

Plaintiff's letter request is noncompliant with the procedural rules, and the Court will not consider future requests made by Plaintiff in the form of a letter. However, liberally construing the letter as a motion, the Court now addresses Plaintiff's request.

The Court provides its template forms free of charge upon request and will provide copies of docket filings or court orders after payment of copying fees.[51]

---

[47] *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976).

[48] *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must ... state with particularity the grounds for seeking the order" and "state the relief sought."); Alaska Local Civil Rule 7.1(a) (requiring all written motions and oppositions to include "a brief statement" of the requested relief and supporting authorities).

[49] Local Civil Rule 7.1(e); *see also* Local Civil Rule 5.1(f)(2).

[50] *See* Local Civil Rule 7.1(b).

[51] In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced *prior to* accruing charges. *Cf.* Local Rule 3.1(c)(3) (requiring applications to proceed without paying the filing fee be "fully completed signed *before* an application to waive prepayment of fees will be considered.") (emphasis added).

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 16 of 20
Case 4:25-cv-00034-SLG    Document 5    Filed 01/26/26    Page 16 of 20

Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page.[52] The Court does not allow litigants to accrue copy fees—payment is required before copies will be provided. Plaintiff may contact the Clerk's Office to determine the cost for copies of specific docket numbers based on the enclosed docket sheets. The Court does not send copies of court filings to other individuals or organizations at the request of a party. Plaintiff may obtain copies of his filings from the Clerk's Office and send copies of those filings to Alaska Legal Services Corporation.

IT IS THEREFORE ORDERED:

1. Plaintiff's Complaint in each case is **DISMISSED for failure to state a claim**.

2. In each case, Plaintiff is accorded **60 days** from the date of this order to file either a:

> a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

---

[52] Alaska Local Civil Rule 79.2(b). *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 4(a) (adopting a schedule of fees for copying and related services provided by the United States District Courts).

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 17 of 20
Case 4:25-cv-00034-SLG    Document 5    Filed 01/26/26    Page 17 of 20

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form **within 60 days of the date of this order**, each case shall be dismissed under 28 U.S.C. § 1915(e)(2) without further notice to Plaintiff for failure to state a claim. If a case is dismissed for failure to state a claim, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.

4. In each case, Plaintiff's application to waive prepayment of the filing fee at **Docket 2 is GRANTED.**

5. Federal law only allows the Court to waive a prisoner's prepayment of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action. Should Plaintiff proceed with either lawsuit, the Court will issue a separate order for the collection of the filing fee directly from Plaintiff's prisoner trust account.

6. If Plaintiff is released from custody while either or both of these cases remain pending and the filing fees have not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of the filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11). Failure to comply may result in dismissal of the action.

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 18 of 20
Case 4:25-cv-00034-SLG     Document 5     Filed 01/26/26     Page 18 of 20

7. Self-represented litigants must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[53] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[54] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If Plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

9. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document

---

[53] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to 'counsel' or 'attorneys' also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[54] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 19 of 20
Case 4:25-cv-00034-SLG   Document 5   Filed 01/26/26   Page 19 of 20

was filed. However, **litigants should not send the Court important original documents or documents that cannot be replaced.**[55] Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page.[56] In the event of special circumstances or serious financial need, a litigant may ask for the copying costs to be waived or reduced **prior to** accruing charges.[57]

10. With this order, the Clerk is directed to send: (1) two copies of form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) two copies of form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) a copy of the docket sheet in each case.

DATED this 26th day of January, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[55] If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

[56] Alaska Local Civil Rule 79.2(b). *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 4(a).

[57] *See* PACER, Options to Access Records if You Cannot Afford PACER Fees, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last accessed Jan. 5, 2026).

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Screening Order
Page 20 of 20
Case 4:25-cv-00034-SLG   Document 5   Filed 01/26/26   Page 20 of 20