# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

LINDSAY COOLEY,

        Plaintiff,

    v.

DEPARTMENT OF PUBLIC SAFETY, FAIRBANKS CORRECTIONAL CENTER, and JUDICIAL SERVICES,

        Defendants.

Case No. 4:25-cv-00029-SLG

---

LINDSAY COOLEY,

        Plaintiff,

    v.

MARYANN SANDERS, FAIRBANKS CORRECTIONAL CENTER MEDICAL, and MEDICAL ACTION COMMITTEE,

        Defendants.

Case No. 4:25-cv-00034-SLG

## OMNIBUS ORDER

On January 26, 2026, the Court issued a combined Screening Order addressing the two above captioned cases filed by self-represented prisoner Lindsay Alan Cooley ("Plaintiff"). The Court dismissed each of Plaintiff's Complaints for failing to adequately state a claim for which relief may be granted but granted Plaintiff leave to file a First Amended Complaint or a Notice of

Voluntary Dismissal within 60 days of the date of the order, or by March 26, 2026.[1] On February 2, 2026, the Plaintiff filed a Notice of Change of Address, and on that same date, the Clerk mailed Plaintiff a copy of the Screening Order and a copy of the docket sheet in each case to Plaintiff at the Anchorage Correctional Complex.[2]

On March 23, 2026, the Court received a letter from Plaintiff that was filed in each case.[3] In that letter, Plaintiff claims he has been unable to obtain an attorney and that "you even sent me paperwork of attorneys" that "was all just bad information."[4] In the letter Plaintiff also states that he needs to obtain an attorney and asks the Court to stay his cases until November 2026, when he expects to be released from custody.

The Court does not provide names, phone numbers, or contact information for attorneys to self-represented litigants. And there is no constitutional right to appointed counsel in a civil action.[5] A federal court "may request an attorney to represent any person unable to afford counsel."[6] However, a district court's decision to request counsel for a self-represented litigant in a civil action is

---

[1] Docket 5.

[2] Docket 6.

[3] Docket 7 in each case.

[4] Docket 7.

[5] *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[6] 28 U.S.C. § 1915(e)(1).

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Omnibus Order
Page 2 of 10

discretionary and granted only in exceptional circumstances,[7] which Plaintiff has failed to establish in this case. Further, although 28 U.S.C. § 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff.

The January 2026 Screening Order addressed the filings it had received from Plaintiff in each case and enclosed the documents listed at the end of that order.[8] The Screening Order also informed Plaintiff that it would not send copies of his documents to the Alaska Legal Services Corporation. The Screening Order also informed Plaintiff that letters are not a proper vehicle for requesting relief.[9] Another copy of the Screening Order is enclosed with this order for Plaintiff's reference.

A court is not required respond to letters or other improper filings made by litigants. Nonetheless, the Court will briefly address the remaining concerns raised in Plaintiff's letter. However, **the Court will not respond to future requests made by Plaintiff in the form of a letter.** In order to seek relief from the Court, a

---

[7] *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980).

[8] Docket 5 at 20 ("With this order, the Clerk is directed to send: (1) two copies of form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) two copies of form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) a copy of the docket sheet in each case.").

[9] *See* Docket 5 at 15-16 (providing information on filing motions and cautioning that future requests made in the form of a letter will not be considered).

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Omnibus Order
Page 3 of 10

party must file a motion.[10] Except for alternative requests for relief or as otherwise provided by rule or order of the Court, each motion must only contain one request for relief.[11]  A motion should contain the information identified in the caption of this order and should be titled "Motion for (*state the relief requested*)." For nondispositive motions—motions that do not resolve the main claims or end the case—a litigant must include a proposed order that the Court can issue if the motion is granted.[12] The proposed order helps to clarify what the moving party is asking the Court to order.

Liberally construing Plaintiff letter, Plaintiff requests that the Court:

1. Stay or postpone his cases until approximately November 7, 2026, when Plaintiff anticipates release from the physical custody of DOC;

2. Assist him in identifying the "John Doe" officer referenced in the Complaint;

3. Order DOC to preserve a surveillance video; and

4. Determine Plaintiff's location and direct correspondence to him at that address.[13]

---

[10] *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must ... state with particularity the grounds for seeking the order" and "state the relief sought."); Alaska Local Civil Rule 7.1(a) (requiring all written motions and oppositions to include "a brief statement" of the requested relief and supporting authorities).

[11] Local Civil Rule 7.1(e); *see also* Local Civil Rule 5.1(f)(2).

[12] Local Civil Rule 7.1(b).

[13] Docket 7.

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Omnibus Order
Page 4 of 10

For the reasons explained below, each of Plaintiff's requests are DENIED.

## I.        Stay of Proceedings

Plaintiff requests that the Court "postpone this case" until his anticipated release on November 7, 2026, explaining he is currently incarcerated at the Anchorage Correctional Center and lacks a law librarian's assistance or an attorney. The Court recognizes that incarcerated litigants often face barriers to meeting deadlines, including facility lockdowns, limited access to the law library, restricted legal supplies, and delays in outgoing mail. However, the Court declines to grant the requested stay in either case.  Rather, the Court notes that cases brought by self-represented prisoner civil litigants routinely proceed without a stay during the prisoner's term of incarceration and no compelling reason to deviate from that norm has been advanced here.

The Court Screening Order directed Plaintiff to file an amended complaint by the end of March 2026.  Instead, Plaintiff asked to postpone this case.  Because the Court is denying that relief, **Plaintiff is accorded an additional 60 days from the date of this order to file a First Amended Complaint in each case.** No further extensions to file an amended complaint will be granted absent extraordinary circumstances.

If Plaintiff does not wish to proceed with either case at this time, Plaintiff may file a Notice of Voluntarily Dismissal in each case he elects to close. Such a dismissal will be without prejudice to refiling his claims at a later date, subject to

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Omnibus Order
Page 5 of 10

all applicable procedural requirements, including the applicable statute of limitations.

## II. John Doe Defendants

Although federal courts do not generally favor actions against unknown "Doe" defendants,[14] a plaintiff may sue unnamed defendants when the identity of the alleged defendants is not known before filing the complaint.[15] But a plaintiff must try to ascertain the name of any unknown officer without assistance from the Court. The Court will not investigate the names and identities of unnamed defendants. If a case survives screening, a plaintiff may be afforded an opportunity for limited, preliminary discovery to identify the names of any Doe defendants "unless it is clear that discovery would not uncover their identities,"[16] and only after the Court is satisfied that Plaintiff has attempted all other reasonable means of identifying John Doe without success.

## III. Preservation Order

Plaintiff's request that the Court order DOC to preserve video footage is premature. Should any amended complaint proceed beyond the screening stage, the Court will order service and issue an order setting a schedule for discovery and dispositive motions. Neither party may file motions concerning discovery issues

---

[14] *See Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999).

[15] *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).

[16] *Gillespie,* 629 F.2d at 642.

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Omnibus Order
Page 6 of 10
Case 4:25-cv-00034-SLG    Document 8    Filed 06/05/26    Page 6 of 10

without first seeking, in good faith, to resolve the matter with each other as required by Rule 37(a), Federal Rules of Civil Procedure.[17]

Parties are under an ongoing duty to preserve evidence which they know—or reasonably should know—is relevant to an action. This obligation, backed by a court's power to impose sanctions for the destruction of such evidence, is generally sufficient to secure the preservation of relevant evidence.[18] Plaintiff may submit a written request to the prison asking that any surveillance footage or other recordings relevant to the alleged incident be preserved. If this litigation proceeds beyond the screening stage, Plaintiff may seek such materials through the normal discovery process. Therefore, Plaintiff's request for a **preservation order is DENIED without prejudice.**

### IV.     Plaintiff's Contact Information

Plaintiff asks the Court to "find out where I'm incarcerated at and send me a response."[19] According to Alaska's automated inmate information and notification service, Plaintiff remains housed at the Anchorage Correctional Complex.[20] This

---

[17] Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); District of Alaska Local Civil Rule 37.1. ("The certification required by Fed. R. Civ. P. 37(a)(1) must be in the first paragraph of a discovery motion.").

[18] *See Chambers v. Nasco, Inc.,* 501 U.S. 32, 43-46 (1991).

[19] Docket 7 at 2.

[20] Information regarding inmates in the custody of the Alaska Department of Corrections, such as an inmate's current location and tentative release date, is available through the Victim Information and Notification Everyday ("VINE") service at

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Omnibus Order
Page 7 of 10
Case 4:25-cv-00034-SLG     Document 8     Filed 06/05/26     Page 7 of 10

order will be sent to Plaintiff at that address. However, it is not the responsibility of the Court, nor its administrative staff, to track the whereabouts of each litigant, monitor inmate transfers, or independently update a party's address of record.

Should Plaintiff be transferred to another facility, Plaintiff is responsible for promptly updating his contact information in each case by filing a Notice of Change of Address. Plaintiff may use the Court's Form PS23,[21] or he may file a document titled "Notice of Change of Address" that clearly states his new mailing address and its effective date. The Notice must not include requests for any other relief or other information.

**IT IS THEREFORE ORDERED:**

1.      The Court will not consider or respond to future requests made by Plaintiff in the form of a letter.  Any request for relief must be filed as a separate motion that complies with the Federal Rules of Civil Procedure, the District of Alaska Local Civil Rules, and all Court orders.

2.      Plaintiff's request for a stay of these proceedings is **DENIED.**

3.      In each case, Plaintiff is accorded **60 days** from the date of this order to file either a:

---

www.vinelink.com.

[21] Although the Court provides forms that are required for certain filings, the Court does not require a specific form to update an address. However, a Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Omnibus Order
Page 8 of 10

a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in the January 2026 Screening Order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

4. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form **within 60 days of the date of this order**, each case shall be dismissed under 28 U.S.C. § 1915(e)(2) without further notice to Plaintiff for failure to state a claim.

5. If a case is dismissed for failure to state a claim, it will count as a strike against Plaintiff under 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court. A Notice of Voluntary Dismissal does not count as a strike.[22]

2. Plaintiff's request that the Court obtain an unidentified officer's name is **DENIED.**

3. Plaintiff's request for a preservation order is **DENIED without prejudice.**

---

[22] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025).

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Omnibus Order
Page 9 of 10
Case 4:25-cv-00034-SLG    Document 8    Filed 06/05/26    Page 9 of 10

4. Plaintiff's request that the Court locate Plaintiff and update his contact information on the Court's docket is **DENIED.**

5. If Plaintiff fails to keep a current address on file with the Court, that may result in the dismissal of a case without further notice to Plaintiff.[23]

6. With this order, the Clerk is directed to send: (1) two copies of form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) two copies of form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) one copy of the Screening Order at Docket 5.

DATED this 5th day of June 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[23] *See* Alaska Local Civil Rule 11.1(b)(3) (authorizing dismissal of a case when Court orders or other mail sent to a self-represented plaintiff at the address of record are returned to the Court as undeliverable). *See also* Alaska Local Civil Rule 11.1(b)(2) ("Self-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 4:25-cv-00029-SLG, *Cooley v. Department of Public Safety, et al.*
Case No. 4:25-cv-00034-SLG, *Cooley v. Sanders, et al.*
Omnibus Order
Page 10 of 10

Case 4:25-cv-00034-SLG    Document 8    Filed 06/05/26    Page 10 of 10